UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MAX MEHIGHLOVESKY,

        Petitioner,

v.

ERIC HOLDER, U.S. Attorney General,
JANET NAPOLITANO, Secretary of
Homeland Security, JOHN MORTON,
U.S. ICE Director for Minnesota, and
JOEL L. BROTT, Sherburn County
Sheriff or Warden, Center of
Immigration Detention,

        Respondents.

Civil No. 12-1094 (RHK/JJG)

**REPORT AND RECOMMENDATION**

---

The above named Petitioner commenced this action by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that Respondents, (various federal immigration officials and a county sheriff), are causing him to be detained in violation of his rights under federal law and the Constitution.

The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In

The United States District Courts.[1]

The Court previously reviewed the petition in this case and determined that the claims presented here appear to be indistinguishable from the claims presented in another habeas corpus proceeding that Petitioner recently initiated in this District – Mehighlovesky v. U.S. Department of Homeland Security et al., Civil No. 12-902 (RHK/JJG).  Because of the similarities between the present case and the prior case, the Court ordered Petitioner to show cause why the present case should not be dismissed as an "abuse of the writ."  (See Order dated May 9, 2012, [Docket No. 4].)  The order to show cause informed Petitioner that the present action would be summarily dismissed, unless he demonstrated some meaningful distinction between his present action and his still-pending prior action.  The order required Petitioner to "present a very clear and comprehensive explication of the specific factual and legal reasons that should allow him to prosecute a new habeas corpus petition that challenges the same detention currently at issue in his other pending habeas case."  (Id., p. 2.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner recently filed a response to the order to show cause, (Docket No. 6), but he submitted nothing more than a few extraneous documents. He has made no effort to explain the significance of those documents, and he has made no effort to explain why his current petition should not be dismissed as an abuse of the writ. Petitioner obviously believes that he is being wrongly detained, but he has failed to show that he is raising any claims for relief in this action that are different from the claims raised in his still-pending prior action. Simply put, Petitioner's response to the order to show cause is wholly inadequate.

The Court now finds that Petitioner is unable to demonstrate any good reason to allow him to continue both this case, and his other still-pending case. Therefore, in accordance with the Court's previous order, it is recommended that this action be summarily dismissed as an abuse of the writ.

Needless to say, the Court is not presently deciding whether any of Petitioner's challenges to his current custody have any merit. The dismissal of this action, by itself, should have no bearing on the outcome of Petitioner's still-pending prior case, (No. 12-902 (RHK/JJG)). The Court will therefore recommend that this action be summarily dismissed without prejudice.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: July 9, 2012                     <u>s/ *Jeanne J. Graham*</u>
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 24, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.